```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAVIER ORTIZ,                                               :
                                                            :
                              Petitioner,                   :
                                                            :
              -against-                                     :
                                                            :
SUPERINTENDENT ROBERT E. ERCOLE,                            :
                                                            :
                              Respondent.                   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2010

09 Civ. 2571 (RMB) (GWG)

**ORDER**

## I. Background

On or about March 20, 2009, Javier Ortiz ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against Superintendent Robert E. Ercole ("Respondent") of the Green Haven Correctional Facility in Green Haven, New York, challenging his conviction on March 1, 2005 following a jury trial in New York State Supreme Court, New York County, of murder in the second degree in violation of New York Penal Law § 125.25(1), and attempted murder in the second degree in violation of New York Penal Law §§ 110.00 & 125.21. (Pet. at 1.) Petitioner seeks, among other things, "an order reversing [Petitioner's] convictions and directing [Petitioner's] release from incarceration and/or a remand for retrial." (Pet. at 2.)

Petitioner alleges, among other things, that: (1) the trial court "denied Petitioner's due process right to a fair trial and . . . right to the assistance of conflict[-]free counsel . . . when defense counsel sought and obtained . . . an early adjournment [during jury deliberations] until the next day in order for [counsel] to attend a [real estate] closing in another county"; (2) Petitioner's right to an impartial jury was violated when the trial court denied Petitioner's motion for a mistrial after "a woman who identified herself as a juror called the court clerk to

report that she was uncomfortable proceeding with the trial . . . and [an] inquiry failed to reveal the identity of the caller"; and (3) Petitioner's right to an impartial jury was also violated when "the prosecutor's affirmative misrepresentation that [a] child witness would not be called" at trial prejudiced Petitioner's ability properly to question prospective jurors during voir dire. (Pet. at 2.)

On or about July 13, 2009, Respondent filed an opposition ("Opposition") to the Petition, in which it argues, among other things, that the Petition should be denied because: (1) "the state court's decision that [P]etitioner received conflict-free representation was not contrary to or an unreasonable application of United States Supreme Court precedent"; (2) "Petitioner has failed to rebut, by clear and convincing evidence, the court's factual finding that the jury was impartial"; and (3) Petitioner's prosecutorial misconduct claim is procedurally barred because "Petitioner did not object to [the child-witness's] testimony nor . . . request mistrial." (Decl. in Opp'n, dated Jul. 13, 2009, at 5–6, 12.)

On December 14, 2009, United States Magistrate Judge Gabriel W. Gorenstein, to whom the matter had been referred, issued a thorough report and recommendation ("Report"), recommending that the Petition be denied because, among other reasons: (1) the Petitioner cannot show counsel's request to adjourn early "had any effect at all on the outcome of the jury deliberations" or that "the adjournment prejudiced [Petitioner]"; (2) Petitioner "has not shown that the state court's conclusion [reached after polling the jury] that the jury was impartial constituted an unreasonable determination of [the] factual question" regarding a phone call allegedly made concerning the trial; and (3) Petitioner "did not preserve his claim that the prosecutor prejudiced [D]efendant's voir dire of prospective jurors." (Report at 13–15, 17.)

2

The Report advised that, "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from service of this Report and Recommendation to serve and file any objections." (Report at 17.) On February 1, 2010, Petitioner filed objections ("Objections") to the Report, arguing substantially the same points made in the Petition.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is denied.**

## II. Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 635(b)(1)(C); see also Donahue v. Global Home Loans & Fin., Inc., No. 05 Civ. 8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 89 F.2d 16, 19 (2d Cir. 1989).

## III. Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of the Report, the Petition, the Opposition, Petitioner's Objections, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Gorenstein are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991); see

also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Petitioner's Objections do not provide any basis for departing from the Report's conclusions and recommendations.[1]

### (1) Adjournment During Jury Deliberations

Judge Gorenstein properly concluded that Petitioner's right to effective assistance of counsel was not violated when defense counsel obtained an early adjournment of the proceedings on one day during jury deliberations because there was "no reason to believe that a break in deliberations . . . had any effect at all on the outcome of the jury deliberations . . . [and] because [Petitioner] cannot show that the adjournment prejudiced him." (Report at 12–13); see Mickens v. Taylor, 535 U.S. 162, 166 (2002); see also United States v. Zackson, 6 F.3d 911, 921 (2d Cir. 1993).

### (2) Alleged Telephone Call From a Juror

Judge Gorenstein properly concluded that the trial court's denial of Petitioner's motion for a mistrial based on an alleged juror's phone call did not violate Petitioner's right to an impartial jury because Petitioner has "not shown [that] the state court's conclusion that the jury was impartial constituted an unreasonable determination of this factual question." (Report at 14–15); see Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 813 (2d Cir. 2000) ("On § 2254 review, the state trial court is entitled to a presumption of correctness with respect to its conclusion that the jury was impartial."); United States v. Torres, 128 F.3d 38, 44 (2d Cir. 1997). The trial judge conducted a thorough and individualized polling of the jury in an effort to identify the caller before finding that the jury was impartial. (Report at 14); see A.S. Goldmen, Inc. v. Phillips, No. 05 Civ. 4385, 2006 U.S. Dist. LEXIS 45342, at *205 (S.D.N.Y. July 6, 2006).

---

[1] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

4

### (3) Alleged Prosecutorial Misconduct

Judge Gorenstein properly concluded that Petitioner "did not preserve his claim that the prosecutor prejudiced [D]efendant's voir dire of prospective jurors" because "[u]nder New York law, in order to preserve his claim of prosecutorial misconduct, [Petitioner] was required to object contemporaneously at trial." (Report at 15); see Velasquez v. Leonardo, No. 88 Civ. 3347, 1989 U.S. Dist. LEXIS 4354, at *5 (E.D.N.Y. Apr. 12, 1989). Petitioner has also failed to show the "cause and prejudice . . . or actual innocence" required to overcome this procedural bar arising from Petitioner's failure to timely object. (Report at 17 (internal quotations omitted).)

### IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

### V. Conclusion and Order

For the reasons stated herein, the Report is adopted in its entirety and the Petition is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: March 29, 2010
New York, New York

RICHARD M. BERMAN, U.S.D.J.